UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No: 04-10299-PBS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| LUZ LUCIANO, et.al. | * |

# PRE-HEARING MEMORANDUM IN SUPPORT OF DEFENDANT PHILIP ASARO'S MOTION TO SUPPRESS PHYSICAL AND TESTIMONIAL EVIDENCE

The defendant Philip Asaro's motion to suppress presents the issues of whether the conduct and product of the search of his residence was warranted supported, and if it was pursuant to a warrant, did the affidavit fail to provide probable cause because it was predicated upon stale information.

Conflicting views as to the facts of the events of May 1, 2004, prevent a more detailed analysis in advance of the hearing, and for that reason the defendant will submit a post-hearing memorandum.

The government's position is anticipated to be that the search was not initiated before the arrival of the search warrant, which was signed (Swartwood, USMJ) at 3:59 p.m. in Cotuit, Massachusetts. If it is determined to have commenced prior to that point, the government will contend any activities in the nature of a search were no more than "protective sweeps" in contemplation of **Maryland v. Buie**, 494 U.S. 325, 100 S.Ct. 1093, 108 L.Ed.2d 276 (1990).

The defendant's contention is that his arrest at his residence and the search and seizures that followed were comprehensive, detailed, and occurred prior to the issuance of the warrant. The seizures cannot be justified as incidental to his arrest, and because they involved his known residence there were in the circumstances no exceptions to the requirements of **Payton v. New York**, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

Should the court conclude that the search and seizures were pursuant to a warrant, the validity of the supporting affidavit is next in question because of the age of the information relied upon by the affiant. A gap of approximately two and one-half months appears between the last reference to observed activities of this

2

defendant on February 12, 2004, and DEA Agent Jean Drouin's application dated May 1, 2004. This delay implicates the question of staleness. **United States** v. **Schaefer**, 87 F.3d 562 (1st Cir. 1996).

PHILIP ASARO
By his attorney,

Kirk Y. Griffin
50 Staniford Street
Boston, MA 02114

BBO No. 211720

617.367.0966

DATED: January 27, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No: 04-10299-PBS

UNITED STATES OF AMERICA

v.

LUZ LUCIANO, et.al.

**AFFIDAVIT OF PHILIP ASARO IN SUPPORT OF HIS MOTION TO SUPPRESS PHYSICAL AND TESTIMONIAL EVIDENCE**

My name is Philip Asaro, and I am a defendant in the above-captioned cause. This affidavit is authored in support of my companion motion to suppress, and under oath I depose and state:

1. I continue to reside at 56 Hurd Street, Malden, Massachusetts, which was the subject of a search and various seizures on May 1, 2004.

2. On that date I was alone at my residence when a uniformed Malden police officer came to the front door as I was getting ready to take a nap and stated that my "car had been called in for a hit and run" and he wanted to inspect it with me.

3. I replied that had to be an error because I had not hit anybody. As he requested, I left the house to examine the vehicle (a grey Chevrolet Avalanche). When we were examining the rear area of the vehicle he tackled me and handcuffed me. I looked around and saw a group of individuals I soon learned were other law enforcement officers. They were in plain clothes but had jackets on that I think said "DEA" on some of them.

4. The officers took me inside the house and positioned me at the top of the entrance stairs by the kitchen area. The group of officers then started to search all the floors of the house. The officers never stated that they had a search warrant and did not show me any search warrant or other paperwork.

5. I did later receive copies of a search warrant, supporting affidavit and inventory from the government at my arraignment. These are included within the companion Appendix to

2

this affidavit.

6. When the officers started searching I stated that I didn't know what they were looking for. Shortly after they began, they discovered two safes upstairs and asked me what was in them. I said I had nothing to hide and stated they contained money and jewelry. They told me to open them, which I did. One was in a sun room and the other in a spare bedroom. One safe contained a sum of money and the second contained jewelry.

7. The officers searched the house for what I would estimate was 45 minutes to one hour's time, and I believe there were six or seven officers altogether.

8. I was thereafter taken to the Lynn, Massachusetts, Police Station where I was fingerprinted. I recall that I was transported to Lynn by a DEA Agent named Desmond who lived in New Hampshire. We traveled in his personal vehicle.

9. I have included in the companion Appendix my telephone records that include May 1, 2004, which reflect the following activity on that date:

   a.   12:05 a.m. Incoming (978.590.6396)
        (This was from Jen Patti, the girlfriend
        of a friend of mine [Ron Caron] who had

3

been killed in a snowmobile accident earlier that year)

b. 10:29 a.m. Call to Lawrence (978.835.8955)
(To Jeff Cottiere, a friend of mine)

c. 10:45 a.m. Call to Boston (617.719.5449)
(To Calogero LoGrasso, a friend of mine)

d. 10:48 a.m. Incoming blocked number
(This was a call from Tom Saporito regarding a birthday party that night for a mutual friend of ours, Frank Lonano)

e. 10:59 a.m. Call to Boston (617.719.5449)
(Continuation of call to Calogero LoGrasso, which had been interrupted by call waiting feature)

f. 11:22 a.m. Call to Boston (617.719.5449)
(To Calogero LoGrasso again)

g. 12:22 p.m. Incoming (617.719.8890)
(This was from the cell phone of the owner of Huggy Jewelers, after which I drove to the Jewelers' Building in

4

Boston where Huggy's is located)

h. 01:16 p.m. Call to directory assistance

i. 01:22 p.m. Call to directory assistance

j. 02:21 p.m. Call to Boston (617.312.3078)
(This was to my girlfriend, Lindsey Desmond [unrelated to DEA Agent Desmond] regarding plans for that evening)

k. 02:25 p.m. Call to Boston (617.719.5449)
(To Calogero LoGrasso again)

l. 02:49 p.m. Incoming (617.312.3078)
(From Lindsey Desmond).

10. Shortly after the completion of this last call shortly before 3:00 p.m., I started to take a nap. The Malden police officer woke me up about fifteen minutes later by his knocking and ringing the door bell at the front door.

5

9

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 5th DAY OF JANUARY, 2006.

*Philip Asaro*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No: 04-10299-PBS

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * * * * * * * * * * * * * * * |
| v. | |
| LUZ LUCIANO, et.al. | |

DEFENDANT PHILIP ASARO'S
MOTION TO SUPPRESS PHYSICAL AND TESTIMONIAL EVIDENCE

The defendant, Philip Asaro, in the above-captioned cause, being aggrieved of an unlawful search, seizure and arrest conducted under the direction of DEA Jean Drouin and other known/unnamed and unknown law enforcement officers on May 1, 2004, moves pursuant to F.R.Cr.P. Rule 41(h) that the court suppress from evidence:

1

(A) Certain articles seized from the defendant's residence at 56 Hurd Street, Malden, Massachusetts, on or before 3:58 p.m. on May 1, 2004. These articles are more particularly detailed in an inventory subsequently provided to undersigned counsel, a copy of which is annexed hereto and incorporated by reference.

(B) Any and all admissions made by or attributed to the defendant on May 1, 2004, that are alleged to have occurred during the searches and seizures at 56 Hurd Street.

Although the searches and seizures complained of were initially made in the absence of a warrant, the government subsequently did obtain a search warrant at 3:59 p.m. on May 1, 2004. A copy of the application, warrant and inventory return are included within the companion **Appendix to Defendant's Motion to Suppress Evidence**. The warrant was not valid as it lacked probable cause because it was predicated on material information that was stale as a matter of law.

The defendant avers that the warrantless search of his residence was in contravention of his right to be free from searches and seizures in the absence of probable cause, to be secure from unreasonable searches and seizures, to not incriminate himself, and the right of counsel, all in contemplation of the

2

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

Furthermore, any admissions made by or attributed to the defendant occurred in the absence of a knowing and voluntary waiver of the right to counsel and at a time when the taint of the illegal search had not attenuated.

In support thereof, the defendant submits a companion **Affidavit of Philip Asaro in Support of Motion to Suppress Evidence.**

WHEREFORE, the defendant respectfully moves that the court suppress from evidence in this or any other proceeding the introduction of any and all physical or testimonial evidence obtained by the government as a direct and/or proximate result of the search of the defendant's person and residence on May 1, 2004.

3

PHILIP ASARO
By his attorney,

DATED: January 27, 2006

Kirk Y. Griffin
50 Staniford Street
Boston, MA 02114

BBO No. 211720

617.367.0966

U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION

# RECEIPT FOR CASH OR OTHER ITEMS

TO: (Name, Title, Address (including ZIP CODE), if applicable)

FILE NO. 03-0055

G-DEP IDENTIFIER

FILE TITLE

DIVISION/DISTRICT OFFICE

DATE 05-01-04

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| (2) | INCOME RETURN DOCUMENT | |
| (1) | (1) Digital scale fr shed | |
| | Assorted Paperwk Kitchen area. | |
| | (Title vehicles) STS / olds Kitchen table area & Assorted paperwork | |
| (1) | bag marijuana } basment | |
| (1) | Digital scale } basment | |
| (1) | bag elastics } basment | |
| (1) | Electronic money counter } basment | |

RECEIVED BY (Signature)

NAME AND TITLE (Print or Type)

WITNESSED BY (Signature)

NAME AND TITLE (Print or Type)

FORM DEA-12 (9-00) *Previous editions obsolete*

Electronic Form Version Designed in JetForm 5.2 Version

U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION

# RECEIPT FOR CASH OR OTHER ITEMS

| TO: (Name, Title, Address (including ZIP CODE), if applicable) | FILE NO. OC-03-0055 | G-DEP IDENTIFIER |
|---|---|---|
| | FILE TITLE | |
| DIVISION/DISTRICT OFFICE | DATE 05-01-2004 | |

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| UNDETERMINED | Quantity of U.S Currency | |
| | SEIZED From SUNROOM 2ed Fl. | |
| | SAFE | |
| | | |
| | ASSORTED credit CARDS & PASSPORT | |
| | identifications SEIZED FROM | |
| | SUNROOM SAFE 2ED Fl | |
| | | |
| (1) | (1) Rolex watch from person | |
| | | |
| | (1) FOXWOOD REDEMPTION vocher - $8000.00 | |
| | (1) check to Phil ASARO $5000.00 | |
| | (5) MONEY ORDERS FOR $5000.00 | |
| | Found in Kitchen on top of T.V. | |

| RECEIVED BY (Signature) | NAME AND TITLE (Print or Type) |
|---|---|
| WITNESSED BY (Signature) | NAME AND TITLE (Print or Type) |

FORM DEA-12 (9-00) Previous editions obsolete | Electronic Form Version Designed in JetForm 5.2 Version

U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION

# RECEIPT FOR CASH OR OTHER ITEMS

| TO: (Name, Title, Address (including ZIP CODE), if applicable) | FILE NO. | G-DEP IDENTIFIER |
|---|---|---|
| | FILE TITLE | |
| | DATE 05-01-2004 | |

DIVISION/DISTRICT OFFICE

I hereby acknowledge receipt of the following described cash or other item(s), which was given into my custody by the above named individual.

| AMOUNT or QUANTITY | DESCRIPTION OF ITEM(S) | PURPOSE (If Applicable) |
|---|---|---|
| (2) | (1) watch (1) silver bracelet | |
| | Found in Frt bedroom. | |
| | | |
| (1) | (1) box of small quantity of | |
| | marijuana | |
| | | |
| (6) | (4) cell phones, (1) Kodak disposa[ble] | |
| | camera, (1) pager. | |
| | | |
| (1) | (1) bag assorted paperwork | |
| | From Frt table living room | |
| | | |
| (1) | (1) notebook ledger, number | |
| | of cuff sheets. (Frt rm) | |
| | | |
| (2) | (2) electronic Palm Pilots | |

| RECEIVED BY (Signature) | NAME AND TITLE (Print or Type) |
|---|---|
| WITNESSED BY (Signature) | NAME AND TITLE (Print or Type) |