

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 22, 2006

Kirk Y. Griffin, Esq.
50 Stanford Street
Boston, MA 02114

Re:   United States vs. Phillip Asaro
      Criminal No. 04-10299-18-PBS

FILED
In Open Court
USDC, Mass.
Date 7-6-06
By
Deputy Clerk

Dear Counsel:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Phillip Asaro, ("Defendant"), in the above-captioned case.  The Agreement is as follows:

1.   Change of Plea

Defendant shall plead guilty to Count One of the pending Second Superseding Indictment charging Conspiracy to Distribute Cocaine in violation of Title 21, United States Code, Section 846.  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Second Superseding Indictment, and is in fact guilty of that offense.

2.   Penalties

For Count One, Defendant faces the following minimum mandatory and maximum penalties: a term of imprisonment of not less than five (5) years or more than forty years; a fine of up to $2,000,000; a period of supervised release of at least 4 years and up to life; and a $100 special assessment.  In addition, defendant faces forfeiture of certain assets as further described in paragraph 7.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the
discretion of the sentencing Court, subject to the statutory
maximum and mandatory minimum penalties set forth above, and the
provisions of the Sentencing Reform Act and the United States
Sentencing Guidelines promulgated thereunder, as modified by
United States v. Booker and United States v. Fanfan, 125 S.Ct.
738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence,
the Court must consult and take into account the United States
Sentencing Guidelines, along with the other factors set forth in
18 U.S.C. §3553(a).

With respect to the application of the United States
Sentencing Guidelines:

(a)  Both parties agree to take the position that the
Defendant's base offense level, pursuant to U.S.S.G. §2D1.1(c)(4)
and 1B1.3, is 26 because Defendant is responsible for at least
500 grams of cocaine but less than two kilograms of cocaine which
amount represents the total drug quantity involved in Defendant's
relevant criminal conduct, including amounts Defendant
distributed or possessed with intent to distribute and amounts
distributed or possessed with intent to distribute by co-
conspirators of Defendant pursuant to jointly undertaken criminal
activity that was reasonably foreseeable by Defendant and within
the scope of Defendant's conspiratorial agreement.

(b) The parties agree to take the position that there should
be no adjustment to the offense level for role in the offense
under either U.S.S.G. §3B1.1 or §3B1.2, that there are no other
adjustments applicable to Defendant, and that Defendant's
adjusted offense level is 26.

(c)  Based on Defendant's prompt acceptance of personal
responsibility for the offenses of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by three
levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Defendant:

> (a)  Fails to admit a complete factual basis for the
> plea;
>
> (b)  Fails to truthfully admit his conduct in the

offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

3

4.    Sentencing Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

> (a)    A term of incarceration within the applicable Guideline Sentencing Range, but not below any applicable minimum mandatory sentence;
>
> (b)    A fine within the fine range unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c)    A mandatory special assessment of $100;
>
> (f)    A term of supervised release of 4 years.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing.  Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Waiver of Rights to Appeal

Defendant has conferred with his attorney and understands that he has the right to challenge his sentence on direct appeal. Defendant agrees that he will not file a direct appeal of any imprisonment sentence of sixty-three (63) months or less.  This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

7.    Forfeiture

Defendant will agree to forfeit to the United States the $23,500 in U.S. Currency seized from defendant on May 1, 2004 pursuant to 21 U.S.C. §853 as a result of his guilty plea. Defendant admits that these assets are subject to forfeiture on

4

the grounds that the seized currency represents either proceeds of Defendant's unlawful activity, property intended to be used to commit the crime charged in Count One of the Second Superseding Indictment, or substitute assets pursuant to 21 U.S.C. §853(p). Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.  The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

### 8.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Defendant may not withdraw his plea of guilty regardless of what sentence is imposed.  Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.  In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 9.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

### 10.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges

5

specified in paragraph one of this Agreement.

## 11.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

## 12.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

## 13.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and have discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

PHILLIP ASARO
Defendant

Date: 7-6-06

I certify that Defendant has had this Agreement read to him in his native language and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Kirk Y. Griffin, Esq.
Attorney for Defendant

Date: 4.6.06

8

14.   Complete Agreement

     This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No
promises, representations or agreements have been made.  This
Agreement supersedes prior understandings, if any, of the
parties, whether written or oral.  This Agreement can be modified
or supplemented only in a written memorandum signed by the
parties or on the record in court.

     If this letter accurately reflects the Agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Neil Gallagher.

                         Very truly yours,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:_____
                         LAURA J. KAPLAN
                         Chief, Organized and Violent
                         Crime Section

                         Neil J. Gallagher, Jr.
                         Assistant U.S. Attorney