```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )
          v.                  )
                              )      Criminal No. 04-10299-PBS
                              )
PHILLIP ASARO et al.,         )
          Defendants.         )
```

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. §853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On March 23, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Second Superseding Indictment charging Phillip Asaro (the "Defendant") and others with, <u>inter</u> <u>alia</u>, Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One).[1]

2. The Second Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. §853. The Forfeiture Allegation of the Second Superseding Indictment sought forfeiture, pursuant to 21 U.S.C. §853, of any and all property constituting,

---

[1] The remaining counts of the Indictment did not charge the Defendant.

1

or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, $25,300.00 in U.S. Currency seized from Phillip Asaro on or about May 1, 2004.

3. The forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of such forfeitable assets.

4. On July 6, 2006, the Defendant pled guilty to Count One of the Second Superseding Indictment pursuant to a written plea agreement. In Section Seven of the plea agreement, the Defendant agreed to forfeit $23,500.00[2] in U.S. Currency pursuant to 21

---

[2] The government inadvertently listed in the plea agreement the amount to be forfeited as $23,500.00 in U.S. Currency, rather than the $25,300.00 in U.S. Currency listed in the Second Superseding Indictment. The government is not seeking forfeiture of the balance of $1,800.00.

U.S.C. §853 as a result of his guilty plea.  The Defendant admitted that the $23,500.00 is subject to forfeiture on the grounds that it represents either proceeds of the Defendant's unlawful activity, property that was used or intended to be used to commit the crime charged in Count One of the Second Superceding Indictment, or substitute assets, pursuant to 21 U.S.C. §853(p).

5.   By virtue of the Defendant's admissions in the plea agreement and the Defendant's guilty plea, and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the $23,500.00 in U.S. Currency, or substitute assets in a value up to the $23,500.00 in U.S. Currency. See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

6.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the $23,500.00 in U.S. Currency and will publish notice of the Court's Order and of the United States' intent to dispose of the $23,500.00 in U.S. Currency in a newspaper of general circulation in the District of Massachusetts, in such manner as the Attorney General may direct, pursuant to 21 U.S.C. §853(n).

WHEREFORE, the United States requests that this Court:

(A) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(B) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(C) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jennifer H. Zacks
NEIL J. GALLAGHER
JENNIFER H. ZACKS
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date: July 11, 2006

### CERTIFICATE OF SERVICE

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jennifer H. Zacks
Jennifer H. Zacks
Assistant U.S. Attorney

Date: July 11, 2006