UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
            v.                  )
                                )    Criminal No. 04-10299-PBS
                                )
PHILLIP ASARO et al.,           )
            Defendants.         )

## PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on  March 23, 2005, a federal grand jury sitting in the District of Massachusetts returned a nine-count Second Superseding Indictment charging Phillip Asaro (the "Defendant") and others, inter alia, with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §846 (Count One)[1];

WHEREAS, the Second Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. §853, which sought forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, $25,300.00 in U.S. Currency seized from Phillip Asaro on or about May 1, 2004;

---

[1] The remaining counts of the Second Superseding Indictment did not charge the Defendant.

WHEREAS, the forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of such forfeitable assets;

WHEREAS, on July 6, 2006, the Defendant pled guilty to Count One of the Second Superseding Indictment pursuant to a written plea agreement whereby the Defendant agreed to forfeit his interest in $23,500.00 in U.S. Currency;[2]

WHEREAS, by virtue of the Defendant's admissions in the plea agreement and guilty plea, and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against $23,500.00 in U.S. Currency, or substitute assets in a value up to $23,500.00 in U.S. Currency.

---

[2] The government inadvertently listed in the plea agreement the amount to be forfeited as $23,500.00 in U.S. Currency, rather than the $25,300.00 in U.S. Currency listed in the Second Superseding Indictment. The government is not seeking forfeiture of the balance of $1,800.00.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement and the Defendant's guilty plea, that the government has established the requisite nexus between the $23,500.00 of U.S. Currency, and the offense to which the Defendant pled guilty.  Accordingly, all of the Defendant's interests in the $23,500.00 in U.S. Currency is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. §853(a) and (p).

2.    If the $23,500.00 in U.S. Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable assets, pursuant to 21 U.S.C. §853(p).

3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS") is hereby authorized to seize the $23,500.00 in U.S. Currency.

4.    The $23,500.00 in U.S. Currency is to be held by the USMS

in its secure custody and control.

5.    Pursuant to 21 U.S.C. §853(n), the United States shall publish, at least once for three successive weeks in the Boston Herald or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the $23,500.00 in U.S. Currency pursuant hereto.

6.    Pursuant to 21 U.S.C. §853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the $23,500.00 in U.S. Currency to be forfeited.

7.    Pursuant to 21 U.S.C. §853(n), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the $23,500.00 in U.S. Currency, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the $23,500.00 in U.S. Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the $23,500.00 in U.S. Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the $23,500.00 in U.S. Currency, any additional facts supporting the petitioner's

claim, and the relief sought.

8.    Pursuant to 21 U.S.C. §853(n), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the $23,500.00 in U.S. Currency.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the $23,500.00 in U.S. Currency.

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____

PATTI B. SARIS
United States District Judge

Date: