UNITED STATES DISTRICT COURt
DISTRICT OF MASSACHUSETTS

Docket No: 04-10299-PBS

```
* * * * * * * * * * * * * * * *
                               *
                               *
                               *
UNITED STATES OF AMERICA       *
                               *
                               *
                               *
                               *
                               *
          v.                   *
                               *
                               *
                               *
LUZ LUCIANO, et.al.            *
                               *
                               *
                               *
                               *
* * * * * * * * * * * * * * * *
```

**DEFENDANT PHILIP ASARO'S MOTION TO
DISCHARGE BAIL SECURITY MORTGAGE**

The defendant, Philip Asaro, moves that the court direct the Clerk of Court to issue a discharge of the mortgage placed on the property utilized as security for the defendant's release on bail.

And as reasons therefore, undersigned counsel represents to the court that:

(01)    In compliance with the defendant's various conditions of pretrial release, the defendant and his sister granted a mortgage (copy annexed) in favor of the United States on property (occupied by their parents) they own in Somerville.

(02)    The property address is 238 School Street, Somerville, MA 02145 and the mortgage is recorded at Book 42996, Page 396 of the Middlesex South Registry of Deeds.

(03)    The requirement of bail conditions terminated when the defendant was sentenced on February 13, 2007.

WHEREFORE, the defendant respectfully moves that the court direct the Clerk of Court to issue a discharge of the above referenced and annexed mortgage.

PHILIP ASARO
By his attorney,

DATED: February 15, 2007

Kirk Y. Griffin
50 Staniford Street
Boston, MA 02114

BBO No. 211720

617.367.0966

2

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF).


                                        Kirk Y. Griffin

TEL 617.367.0966

FAX 617.367.6736

LAW OFFICES
## KIRK Y. GRIFFIN

FIFTY STANIFORD STREET, BOSTON, MASSACHUSETTS 02114

June 17, 2004

Office of the Clerk
U.S. District Court for
    The District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

                    Re: **United States v. Philip Asaro, et.al.**
                        Complaint No. 04-1685-CBS

Dear Sir or Madam,

    Enclosed herewith for filing and your administration is the original of a mortgage that was prepared in connection with the defendant Philip Asaro's bail conditions.

    It was returned by the Middlesex South Registry of Deeds in Cambridge after recordation at Book 42996, Page 396.

                                        Very truly yours,

                                        Kirk Y. Griffin

KYG:mas
enc:
cc: (w/ enc.) AUSA Robert L. Peabody





## MORTGAGE

THIS MORTGAGE is made this _11TH_ day of _MAY_ ,
19 ~~19~~ 2004 between _Philip Asaro and Nella Asaro +_ ,
presently residing at _238 School ST, Somerville MA 02145_
(herein "Mortgagor(s)"), and the Clerk of the United States
District Court for the District of Massachusetts, John W. McCormack
Post Office & Courthouse Building, Boston, Massachusetts (herein
"Mortgagee"). _Philip Asaro. Nella Asaro_

WITNESSETH, for consideration paid and to secure a personal
bond of even date for _Philip Asaro_ (herein "Defendant"),
in Criminal No. _04 - 1685 - 15 - CBS_ , before the United
States District Court for the District of Massachusetts (herein
"Court"), in the amount of _FIVE HUNDRED THOUSAND DOLLARS_
($ _500,000_ ) Dollars executed by the Defendant and the
Mortgagor(s) in favor of the United States of America, and to
secure due observance and performance of the obligation, terms,
and conditions as set forth in an Order Setting Conditions of
Release dated _MAY 11_ , 19 ~~19~~ 2004 and filed with the
Court, and to further secure the performance of all other covenants
and agreements of or by the Defendant and Mortgagor(s) herein
for the benefit of the Mortgagee, which may now exist or may
hereafter exist or accrue while this Mortgage is still undischarged
of record, and in furtherance of and pursuant to an Escrow Agreement
made this day between the Mortgagor(s), the United States Attorney
for the District of Massachusetts and the Mortgagee, the Mortgagor(s)
hereby mortgage to the Mortgagee, with power of sale, the following
parcel of real property, with the following covenants thereon,
situate, lying and being in the County of _MIDDLESEX_ ,
Commonwealth of Massachusetts, and more particularly described
in the following deed:

A deed from _ANGELA DOUDIO, MANIA ASARO & PASQUALE ASARO_ ,
to _Philip Asaro      (11-8-01)_ ,
dated _NOVEMBER 8, 19 2001_ and recorded in the _MIDDLESEX SOUTH_
County Registry of Deeds at Book _34140_, Page _340_ ;

TOGETHER with all the improvements now or hereafter erected
on the property, and all easements, rights, appurtenances, rents,
royalties, mineral, oil and gas rights and profits, water, water
rights, and water stock, and all fixtures now or hereafter attached
to the property, all of which, including replacements and additions
thereto, shall be deemed to be and remain a part of the property
covered by this Mortgage; and all of the foregoing, together
with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.  That the Mortgagor(s) shall pay the indebtedness as
hereinbefore provided.


28 School St. Som


2004 00145123
Bk: 42996 Pg: 396    Doc: MTG
Page: 1 of 3    06/08/2004 09:05 AM

2.   That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies.   However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3.   That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4.   That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same.   In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5.   That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6.   That notice and demand or request may be made in writing and may be served in person or by mail.

7.   That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8.   That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9.   That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

-3-

10.   That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11.   Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this mortgage except upon order of the Court.  It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this mortgage has been duly executed by the Mortgagor(s).



PHILIP  ASANO                    56 Hurd St. Malden Ma. 02148

NELLA  ASANO       5/11/04       238 School St. Somerville, Ma 02145

COMMONWEALTH OF MASSACHUSETTS

WORCESTER
~~SUFFOLK~~, SS                                    MAY 11      , ~~19~~ 2004

Then personally appeared   Philip Asano and Nella Asano

and acknowledged the foregoing to be   THEIR   free act and deed before me.

NOTARY PUBLIC   Kirk Y. Griffin

Commission expires:   10-21-05



REGISTER

KIRK Y. GRIFFIN
P.O. Box 8190
Boston, MA 02114-0032